IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EMMA RUSH                                                                           PLAINTIFF

VS.                           CASE NO. 2:16-CV-02255-PKH

STATE OF ARKANSAS DWS                                                       DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court is the Defendant's Motion to Dismiss (Doc. 10) filed on December 7, 2016. Plaintiff has not responded to the motion, and the time within which to do so has passed. The matter was referred to the undersigned on December 15, 2016.

**I. Background**

This action was filed by Plaintiff, Emma Rush ("Ms. Rush"), against Defendant, State of Arkansas, Department of Workforce Services ("ADWS"), on October 26, 2016. In her Complaint, Ms. Rush states that this action is being brought pursuant to the Age Discrimination in Employment Act and Title VII of the Civil Rights Act. (Doc. 1, ¶ 1) Ms. Rush alleges that she filed charges against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 6, 2016, charging Defendant with acts of discrimination based on age, race, and sex. (Doc. 1, ¶ 2) Ms. Rush attached to her Complaint an unverified type-written letter she sent to the EEOC in which she stated, "I wish to file employment discrimination charge, I believe I was discriminated against because of my race, gender, and age." The letter is dated December 9, 2015, and it is stamped "received" by the EEOC on June 8, 2016. (Doc. 1, p. 2) Also attached to Ms. Rush's Complaint is a copy of a Dismissal and Notice of Suit Rights form dated July 26, 2016. (Doc. 1, p. 5) Ms. Rush claims ADWS discriminated against her by failing to promote her. (Doc. 1, ¶ 4) She further alleges

that the acts of discrimination occurred on or about December 9, 2016; and, in describing the acts of discrimination, she alleged "I believe I was denied the position due to my sex female, and my race, black, in violation of the Title VII of the Civil Rights Act of 1964 and my age, 54 in violation of the Discrimination in Employment Act of 1967, as amended." (Doc. 1, ¶ 5)  Ms. Rush claims the acts of discrimination "may still be committing" (Doc. 1, ¶ 6), and she prays for the following relief: "award compesatory (sic) and punitive damages Aggravated; exemplary & indemification (sic) damages general damages, special damages." (Doc. 1, ¶ 7)  She demands a jury trial. (Doc. 1, ¶ 8)

ADWS filed its Motion to Dismiss (Doc. 10) and Brief in Support (Doc. 11) on December 7, 2016.  ADWS argues this Court lacks subject matter jurisdiction because Ms. Rush failed to properly exhaust her administrative remedies; that Ms. Rush has failed to state a claim upon which relief may be granted; and, that this Court lacks subject matter jurisdiction over Ms. Rush's ADEA claims because the ADWS is a state agency and has Eleventh Amendment Sovereign immunity.  Ms. Rush has not filed a response to the motion.  Also pending is a motion for appointment of counsel (Doc. 13) filed by Ms. Rush on December 14, 2016.

## II. Standard of Review

To survive a motion to dismiss, a complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The intention of this is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  In evaluating the sufficiency of a complaint, the Court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.,* 716 F.3d

1087, 1091 (8th Cir.2013) (internal quotation omitted).

Even so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings, Fed. R. Civ. P. 12(d), but it may consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

The undersigned applies these standards in the following discussion.

### III.  Discussion

#### A.  Failure to Exhaust Administrative Remedies

ADWS first argues this Court lacks subject matter jurisdiction because Ms. Rush failed to properly exhaust her administrative remedies. Specifically, ADWS points out that Ms. Rush never submitted a verified charge of discrimination form to the EEOC as required by statute and regulation.

Ms. Rush generally alleges that ADWS discriminated against her based on her age, race, and

sex.  (Doc. 1, ¶¶ 2, 5)  Title VII of the Civil Rights Act of 1964 prohibits discrimination based on race or gender.  42 U.S.C. § 2000e-2(a).  Title VII specifies with precision the jurisdictional prerequisites that an individual must satisfy before one is entitled to institute a lawsuit.  These prerequisites include filing a timely charge of employment discrimination with the EEOC, and receiving and timely acting upon the EEOC's statutory notice of the right to sue.  42 U.S.C. § 2000e-5(b), (e), and (f).  As ADWS correctly notes, exhaustion of administrative remedies is central to Title VII's "detailed and well-crafted" statutory scheme because it provides the EEOC the first opportunity to investigate alleged discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts rather than litigation.  *See Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).  "Only after these procedures have been exhausted, and the plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court."  *Id*. (citing 42 U.S.C. § 2000e-5(f)(1)).  Similarly, "[e]xhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."  *See Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (citing *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002)); 29 U.S.C. § 626(d)(1).

       To initiate one's administrative remedies, a complainant is required to file a Charge of Discrimination (Form 5) with the EEOC.  Significant to this case, the statute requires that "[c]harges *shall be in writing under oath or affirmation* and shall contain such information and be in such form as the Commission requires."  42 U.S.C. § 2000e-5(b) (emphasis added).  The United States Supreme Court has commented that "[t]he function of an oath is to impress upon its taker an awareness of his duty to tell the truth. . ."  *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 76 n. 32, 104

S.Ct. 1621, 80 L.Ed.2d 41 (1984).  Federal regulation, 29 C.F.R. § 1601.9, also provides that "[a] charge shall be in writing and signed and *shall be verified*."  (Emphasis added.)

Ms. Rush never complied with the requirement to submit a charge form *under oath or affirmation* as required by statute and federal regulation.

On December 9, 2015, Ms. Rush prepared a type-written letter stating "I wish to file employment discrimination charge, I believe I was discriminated against because of my race, gender, and age."  This letter was eventually received by the EEOC on June 8, 2016.  (Doc. 1, p. 2)  The EEOC responded to Ms. Rush's correspondence by sending her a letter on June 21, 2016, in which Ms. Rush was informed that "[t]he information you gave us is not enough to determine how we should handle this case[,]" "[m]ore information is needed before we can continue[,]" and Ms. Rush was asked to call to schedule an interview.  (Doc. 10-1, p. 16)  Thereafter, on June 30, 2016, the EEOC sent another letter to Ms. Rush (Doc. 10-3), and they enclosed an EEOC Form 5, Charge of Discrimination (Doc. 10-2), which summarized Ms. Rush's claims based on the information she provided.  The EEOC specifically advised Ms. Rush that "*[b]efore we investigate your charge, however, you must sign and return the enclosed Form*."  (Doc. 10-3, p. 1) (Emphasis added.)

Despite being informed of the requirement to submit a signed Charge of Discrimination (EEOC Form 5), and even being supplied with the EEOC Form 5 prepared for her, Ms. Rush never returned a verified Charge of Discrimination to the EEOC.  Her failure to do so violated the oath or affirmation requirements found in both 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.9.

ADWS cites *Edelman v. Lynchburg College*, 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002) to illustrate the importance of filing a verified charge.  The facts are similar.  Edelman complained that his employer failed to promote him on the basis of his national origin and religion.

Like Ms. Rush, Edelman sent a letter to the EEOC claiming that the employer had subjected him to employment discrimination, and the EEOC sent Edelman a Charge of Discrimination Form 5 for him to review, sign on oath or affirmation, and return. Edelman did so, but it was received three days after the applicable filing period had passed. A motion to dismiss was granted by the District Court for the Western District of Virginia, and the Court of Appeals for the Fourth Circuit affirmed. On appeal, the United States Supreme Court explained the importance of the verification requirement, stating:

> "The verification requirement has the different object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury. This object, however, demands an oath only by the time the employer is obliged to respond to the charge, not at the time an employee files it with the EEOC."

*Edelman*, 535 U.S. at 113.

Relying on 29 C.F.R. § 1601.12(b), which permits a charge of discrimination to be amended to cure technical defects or omissions - including the failure to verify the charge, the Supreme Court noted that where a statute or supplemental rule requires an oath, "courts have shown a high degree of consistency in accepting later verifications as reaching back to an earlier, unverified filing." *Id*. at 116. While Edelman filed his verified charge after the time to do so had passed, he did file his verified charge before the period for the employer to respond had elapsed, and the Supreme Court held that the verified charge related back to his original letter.

ADWS argues that *Edelman* is distinguishable from the facts in the present case. Edelman did file a verified charge of discrimination with the EEOC prior to filing his lawsuit; but here, as ADWS points out, Ms. Rush has *never* filed a verified charge of discrimination. As a Title VII and

ADEA claimant, Ms. Rush was required to exhaust her administrative remedies with the EEOC before bringing a lawsuit. *See, e.g., Tyler v. University of Arkansas Bd. Of Trustees*, 628 F.3d 980, 989-90 (8th Cir. 2011) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). As a consequence of Ms. Rush's failure to file a verified charge of discrimination with the EEOC, the ADWS contends that Ms. Rush failed to exhaust her administrative remedies before bringing this action. The undersigned agrees and recommends dismissal of Ms. Rush's Title VII and ADEA claims.

### B. Failure to State a Claim Upon Which Relief May Be Granted

Ms. Rush's sparsely worded Complaint describes the alleged discriminatory acts of the ADWS in one sentence, which reads: "I believe I was denied the position due to my sex female, and my race, black, in violation of the Title VII of the Civil Rights Act 1964 and my age, 54 in violation of the Discrimination in Employment act of 1967, as amended." (Doc. 1, ¶ 5) She alleges that the discriminatory acts complained of occurred on or about December 9, 2016, a date in the future at the time of the filing of her Complaint. (*Id.*) Given such allegations, ADWS asserts that Ms. Rush has failed to state facts upon which relief may be granted and it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement" of the grounds for jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e) requires that all pleadings "must be construed so as to do justice." As Ms. Rush is proceeding pro se, her pleadings must be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.ed.2d 251 (1976). Although a pro se complaint is to be liberally construed, it must contain specific

facts supporting its conclusions.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

As in *Mumphrey v. James River Paper Co., Inc.*, 777 F.Supp. 1458 (W.D. Ark. 1991), the reference to sex, race, and age discrimination in employment is sufficient to support jurisdiction, since discrimination on the basis of sex, race, and age are prohibited by federal statutes; and, despite Ms. Rush's jumbled demand for relief, since those federal statutes specify the relief available, *see* 42 U.S.C. § 2000e-5(g), her Complaint can reasonably be construed as including a sufficient demand for judgment.  The problem, just as in *Mumphrey*, is whether Ms. Rush's one sentence statement of her claims is enough to qualify as a "short and plain statement of the claim showing that [she] is entitled to relief" as required by Fed. R.Civ.P. 8(a)(2).

ADWS argues that Ms. Rush's statement amounts to nothing more than a "formulaic recitation" of the "threadbare recitals of perhaps some of the 'elements of the cause of action'"; and, that other than providing the facts of her race "black," her gender "female," and her age "54," she fails to state the grounds of her claims.  Lacking from Ms. Rush's Complaint are any facts of the position for which she was denied a promotion, the person(s) who decided not to promote her and caused the discrimination, and how she was discriminated against.  Moreover, Ms. Rush's statement is prefaced with the phrase "*I believe*," indicating an opinion or conclusion and not a statement of fact.  ADWS submits that Ms. Rush has provided only a conclusory statement and an "unadorned, the-defendant-unlawfully-harmed-me accusation."

Even giving Ms. Rush's Complaint a liberal construction, the undersigned must agree that Ms. Rush has fallen short of the pleading requirements of Fed.R.Civ.P. 8(a).  Were this deficiency the only problem with her claims, the undersigned would recommend permitting Ms. Rush to amend her Complaint to cure the deficiency; however, as discussed above, the failure to exhaust her

administrative remedies is fatal to her causes of action, so it is recommended that Ms. Rush's Complaint be dismissed with prejudice.

### C. Sovereign Immunity

ADWS also asserts the doctrine of sovereign immunity bars Ms. Rush's ADEA claim. The argument has merit.

Addressing this issue in *Buckley v. Univ. of Arkansas Bd. of Trustees*, 780 F. Supp. 2d 827, 829-30 (E.D. Ark. 2011) (citing *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't.*, 510 F.3d 681, 695 (7th Cir. 2007)), the Court quoted the Seventh Circuit as follows:

> "The [Eleventh] Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities, *see Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir.1997), but three exceptions exist.  First, a state may waive immunity by consenting to suit in federal court; second, Congress may abrogate the state's immunity through a valid exercise of its powers; third, under the *Ex parte Young* doctrine, a plaintiff may file "suit[ ] against state officials seeking prospective equitable relief for ongoing violations of federal law...." *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir.1997); *see Ex parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  [The plaintiff] does not contend that [the State] consented to suit in federal court.  Her ability to resort to the second exception was cut short in *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), where the Court held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." So only the *Ex parte Young* exception remains....

The Eighth Circuit has held that the Eleventh Amendment bars suit against a state agency for any kind of relief, not merely money damages. *Monroe v. Ark. St. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Since the ADWS is an Arkansas state agency, it is protected by Eleventh Amendment immunity, and Ms. Rush's ADEA claim is barred by the doctrine of sovereign immunity and must

be dismissed with prejudice.

### III.  Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Defendant's Motion to Dismiss (Doc. 10) be **GRANTED**, and that Plaintiff's Complaint be dismissed with prejudice.  It is also recommended that Plaintiff's motion for appointment of counsel (Doc. 13) be **DENIED** as moot.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE