UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EMMA RUSH                                                                    PLAINTIFF

v.                                    No. 2:16-CV-02255

STATE ARKANSAS DWS                                                          DEFENDANT

## OPINION AND ORDER

On December 29, 2017, a mandate issued from the United States Court of Appeals for the
Eighth Circuit following its December 8, 2017 opinion reversing in part this Court's dismissal of
Plaintiff Emma Rush's complaint.  Pursuant to that mandate, this Court ordered Rush to amend
her pleadings to clarify and amplify her Title VII allegations, which the Court initially ruled were
inadequate under Federal Rule of Civil Procedure 8(a).  (Doc. 27).  On February 5, 2018, Rush
filed an amended complaint.  (Doc. 28).  On February 9, 2018, Defendant filed a motion to dismiss
(Doc. 29) under Rule 12(b)(6) and a brief in support (Doc. 30), to which Rush has filed no
response.  The motion will be granted.

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true,
to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Mere labels, conclusions, or
formulaic recitations of elements are not enough.  *Id.*  "Although pro se pleadings are to be
construed liberally, pro se litigants are not excused from compliance with relevant rules of the
procedural and substantive law."  *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

Following the caption, document title, and jury demand, Rush's amended complaint cites
to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, then states "[a]ll allegations in the
complaint are true [and there is a] reasonable expectation discovery will reveal evidence, as

notice[d] in Rule 11." Rush appears to be trying to supplement her complaint, rather than amending it as ordered. The Court will construe her amended complaint (Doc. 28) as incorporating the initially-filed complaint (Doc. 1) and the factual allegations in EEOC Form 5, Charge of Discrimination (Doc. 18-1, p. 6) attached to her objections to the report and recommendations.

The Court therefore construes Rush's complaint as alleging the following facts. Defendant hired Rush in 2006, and her most current position was as a workplace specialist. Some time in November of 2015, Rush applied for the position of DWS Program Supervisor. On December 9, 2015, she was informed that she was not selected for an interview. Rush was told the reason she was not selected was because she failed to submit transcripts, and so did not meet the minimum qualifications for the position. A white male in his 30s was selected for the position. Rush believes Defendant's stated reason for denying her an interview is false, and that Rush was actually denied an interview due to her sex, race, and age.

Intentional discrimination in employment on account of sex, race, or age is prohibited. 42 U.S.C. § 2000e-2; 29 U.S.C. § 623. Where employment discrimination rises to the level of a constitutional violation by a state actor, Rush may also vindicate her rights pursuant to an action under 42 U.S.C. § 1983. *Butler v. Crittenden Cty., Ark.*, 708 F.3d 1044, 1049 (8th Cir. 2013). "To succeed on a race or sex discrimination claim, [Rush] must show either direct evidence of discrimination or evidence that is sufficient to create an inference of discrimination." *Id.* at 1050. Because she alleges no facts showing direct evidence of discrimination, Rush's complaint can only survive dismissal if the facts alleged, and the reasonable inferences drawn from them, make out a prima facie case under the burden shifting framework used to analyze inference-of-discrimination cases. *Id.* Under this analysis, Rush's allegations must show "that she (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) can provide

facts that give rise to an inference of unlawful sex or race discrimination." *Id.* An age discrimination case uses this same analytical framework. *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 637 (8th Cir. 2011).

Accepting Rush's alleged facts as true, she has shown that she is black, a woman, and was 40 years old or older at the time she was denied an interview. All of these facts are sufficient to show she is a member of a protected class. Being denied an interview for a desired position that is then given to a white male in his 30s is enough to show an adverse employment action that can give rise to an inference of unlawful discrimination on the basis of race, sex, or age. Rush's case fails, however, because the facts alleged and the reasonable inferences drawn from those facts do not show that she was qualified for the position. Her belief that she was denied an interview on account of membership in a protected class is an opinion, or a conclusion to be drawn from facts. It is not the sort of factual allegation from which a reasonable inference can be drawn to satisfy the minimal pleading requirements of Rule 8(a). The only relevant fact alleged is that Defendant said Rush was not interviewed because she failed to demonstrate that she was qualified. Rush's complaint as liberally construed fails to state a claim for relief.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 29) is GRANTED and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 13th day of March, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE